UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEN-YA WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:10-CV-451 PS |
| vs. | ) |
| | ) |
| ED BUSS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Ken-ya Wright, a *pro se* prisoner, filed a complaint in state court which was removed by the defendants. (DE 1.) Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 602. In deciding whether the complaint states a claim, I must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotations omitted).

Here, Wright claims that he received inadequate medical care while housed at the Indiana State Prison ("ISP"). He names as defendants Dr. Michael Mitcheff, the medical director at ISP; Dr. Gerald Myers, a prison physician; Ed Buss, commissioner of the Indiana Department of Correction ("IDOC"); and Mark Levenhagen, the former warden at ISP.[1] Wright alleges that in 2007, he underwent surgery for a hernia at a private hospital in Michigan City. He claims that after he returned to ISP following the surgery, prison staff failed to keep the area clean and failed to timely return him to see a specialist. He claims that an infection developed, resulting in "the hernia and testicular area [] swelling up and growing much larger than normal." (DE 1 at 4.) Wright alleges that Dr. Myers eventually scheduled him to see a specialist at another hospital, who told him that his first surgery had "not gone right." (*Id.*) He later underwent a second surgery. He claims that the second surgery did not go according to plan either and that "the right testicle was accidentally removed." (*Id.*) After the second surgery, he was told by the surgeon to return to the hospital for follow-up care. He asserts that Dr. Myers failed to send him for follow-up care, even though he told Dr. Myers on several occasions that he was experiencing "continuous sharp pain on the left side where the surgery was done." (*Id.* at 5.)

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the defendant acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Neither medical malpractice nor mere disagreement with a doctor's medical judgment is enough to prove

---

[1] William Wilson is the current warden at ISP and has been substituted for Levenhagen pursuant to FED. R. CIV. P. 25(d).

deliberate indifference in violation of the Eighth Amendment." *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A delay in providing medical treatment can constitute deliberate indifference where it causes "prolonged" and "unnecessary" pain. *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

Here, Wright alleges that he has a medically diagnosed condition that was serious enough to require two surgeries. He alleges that Dr. Myers has not provided adequate care for this condition, specifically, that he failed to provide him with proper follow-up care following his surgeries, ignored his complaints of pain, and delayed in sending him to see a specialist. He asserts that Dr. Myers' actions resulted in him suffering severe pain and permanent injury. Giving Wright the inferences to which he is entitled at this stage, he has stated a plausible Eighth Amendment claim against Dr. Myers.

With respect to Dr. Mitcheff, the IDOC commissioner, and the warden, Wright does not mention them anywhere in the narrative contained in his complaint, nor does he explain how they were personally involved in these events. "Section 1983 does not establish a system of vicarious responsibility" and "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 593, 596 (7th Cir. 2009). Thus, Dr. Mitcheff cannot be held liable for Dr. Myers' actions simply because he is Dr. Myers' supervisor, just as the warden and IDOC commissioner cannot be held liable simply because

3

they oversee operations at the prison. There is nothing in the complaint to indicate that these individuals had any personal involvement in the events Wright describes, and accordingly, they will be dismissed as defendants.

For these reasons, the court:

(1) **GRANTS** Ken-ya Wright leave to proceed against Dr. Gerald Myers in his individual capacity for compensatory damages for failing to provide him with adequate follow-up care following two hernia surgeries in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Dr. Michael Mitcheff, Ed Buss, and William Wilson;

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Gerald Myers to respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: November 17, 2010.

                                         s/ Philip P. Simon
                                         PHILIP P. SIMON, CHIEF JUDGE
                                         UNITED STATES DISTRICT COURT